United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J PAUL GILLIAM, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-663 |
| CANDACE FAYE BONNER, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND ORDER**

J Paul Gilliam, proceeding pro se, sued Candace Faye Bonner, asserting a § 1983 claim for unreasonable seizure. (Docket Entry Nos. 1–2). Ms. Bonner moved for summary judgment, and Mr. Gilliam responded. (Docket Entry Nos. 6, 9). The court held an initial conference by video on June 2, 2023, at 9:50AM and Mr. Gilliam did not appear or notify the court that he could not attend. (Docket Entry No. 14). Later that day, the court dismissed the case without prejudice. (Docket Entry No. 15). Mr. Gilliam has moved to reinstate the case, and Ms. Bonner has responded. (Docket Entry Nos. 16–17).

Mr. Gilliam argues that reinstatement is warranted because he "had trouble with [his] phone" and thought the conference was at 2PM. (Docket Entry No. 16). He also alleges he could not get into the building at 2PM because he lost his ID. (*Id.*). Ms. Bonner responds that there is no legitimate reason to reinstate the action. (Docket Entry No. 17). Ms. Bonner claims that her counsel "emailed Mr. Gilliam a written reminder of the hearing" three days prior to the hearing, which stated: "I assume you are aware of the scheduled video conference with the court on Friday of this week, at 950 AM. Please confirm." (Docket Entry No. 17 at 1). Ms. Bonner states that Mr.

Gilliam replied the next day, "Yes sir, I will be there." (*Id.*). Ms. Bonner has attached as an exhibit a copy of the email exchange. (Docket Entry No. 17-1).

"A document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (internal quotation omitted). Because Mr. Gilliam moved for reinstatement twenty-four days after the order was entered, his motion falls under Federal Rule of Civil Procedure 59(e), as a motion to "alter or amend a judgment." *Demahy v. Schwarz Pharm. Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). This court previously dismissed Mr. Gilliam's case without prejudice for want of prosecution. (Docket Entry No. 15). Although Mr. Gilliam missed the initial conference, he has shown a willingness to prosecute this case: he timely moved to reinstate the case, has offered an explanation for his absence, and has previously responded to defendant's motions.

Mr. Gilliam's motion to reinstate the case, (Docket Entry No. 16), is granted. The court resets the initial conference for **September 27, 2023, at 10:30 AM**, by Zoom. In the event Mr. Gilliam fails to appear, the court will dismiss this action with prejudice.

SIGNED on September 5, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge